Filed 8/8/23  P. v. Hernandez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE ARTURO HERNANDEZ,<br><br>    Defendant and Appellant. | G061921<br><br>(Super. Ct. No. 15CF1719)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Lance P. Jensen, Judge.  Affirmed.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jose Arturo Hernandez appeals the summary denial of his petition for resentencing under Penal Code section 1172.6.[1]  His court-appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 738, and *People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*).  This court notified Hernandez that he had 30 days to file any supplemental brief deemed necessary, or the matter may be dismissed as abandoned.  (*Delgadillo*, at pp. 221–222.)  He filed a two-page handwritten brief arguing his convictions for attempted premeditated murder could not stand because malice had not been proven at trial.  We have examined the record on appeal, considered the supplemental brief, and find no arguable error that could result in a disposition more favorable to Hernandez.  (*Id.* at p. 232.)  We thus affirm.

FACTS

A summary of the underlying facts is taken from this court's unpublished opinion, *People v. Hernandez and Pala* (G054544, Nov. 28, 2018) [nonpub. opn.] (first appeal), for background purposes.  One night in 2015, Martin F. and two other pedestrians were walking down the street in Santa Ana.  A sedan pulled out from a nearby side street, and as it passed Martin, its lights turned off.  The sedan stopped and two or three men exited the car.  Seconds later, the two pedestrians ran past Martin.  Martin heard "firecrackers," but someone else heard gunshots.  Martin fell to the ground; he had been shot once in the buttock.  Shortly afterwards, law enforcement found the sedan, with Uriel Pala alone inside.  It was parked at an apartment complex where Hernandez lived and was found.  Hernandez, who owned the sedan, was later identified as the driver.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Hernandez was charged with attempted premediated murder (§ 187, subd. (a), 664, subd. (a); counts 1–3 [John Doe 1, John Doe 2, and Martin, respectively]), assault with a firearm (§ 245, subd. (a)(2); counts 4–6 [same victims, respectively]), and battery with serious bodily injury (§ 243, subd. (d); count 7 [Martin]). The information also alleged several enhancements: criminal street gang activity for all counts (§ 186.22, subd. (b)); gang member vicarious discharge of firearm for counts 1–3 (§ 12022.53, subds. (c), (e)(1)); gang member vicarious discharge of firearm causing great bodily injury for count 3 (§ 12022.53, subds. (d), (e)(1)); and great bodily injury for counts 3 and 6 (§ 12022.7, subd. (a)).

A jury convicted Hernandez on all counts except count 3 (attempted murder of Martin). As to counts 1–2, the jury found the attempted murders were committed willfully, deliberately, and with premeditation (§ 664, subd. (a)). As to all convicted counts, the jury found all enhancements true except the great bodily enhancement, which was dismissed before closing argument. The trial court sentenced Hernandez on count 1 to state prison for a total determinate term of 29 years plus a consecutive indeterminate term of 7 years to life. The same sentence was imposed for count 2 and was to run concurrently with count 1. [2]

In his first appeal, this court remanded for resentencing for the trial court to exercise its discretion whether to strike the firearm enhancements, ordered the sentences for counts 1–2 modified to reflect life terms "with the possibility of parole," and directed the superior court clerk to correct the abstract of judgment. In all other respects, the judgment was affirmed. The same aggregate term was imposed at the resentencing hearing, and the abstract of judgment was amended as directed.

---

[2]     Codefendant Pala was charged with the same counts and enhancements, and received the same verdicts, as Hernandez. Pala also unsuccessfully petitioned for resentencing under section 1172.6 and has filed a separate appeal (case no. G062058).

In 2022, Hernandez petitioned for resentencing under section 1170.95, and counsel was appointed for him. The People filed a response, arguing the petition should be denied. By the time the trial court ruled on the petition, section 1170.95 had been renumbered to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) At the prima facie hearing, the court summarily denied the petition on the ground Hernandez was convicted of attempted murder under a direct aiding-and-abetting theory, which required findings that he, like the shooter, acted with the intent to kill.

## DISCUSSION

Because no death occurred here, we limit our discussion of section 1172.6 to attempted murder. To obtain relief under section 1172.6, Hernandez had to show he was prosecuted for and convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.) But if the record of conviction demonstrates a petitioner is ineligible for relief as a matter of law, a court may summarily deny the petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972.)

Here, the charging document, jury instructions, and verdicts show Hernandez was not prosecuted or convicted of attempted murder under the natural and probable consequences doctrine. The first amended information alleges Hernandez "did unlawfully, and with the specific intent to kill, attempt to murder" the victims. It also alleges he did so "willfully, deliberately and with premeditation[.]" There is no mention of "natural and probable consequences." The jury was instructed on the general principles of aiding and abetting (CALCRIM No. 400), direct aiding and abetting intended crimes (CALCRIM No. 401), the elements of attempted murder (CALCRIM No. 600), and the additional allegation that the attempted murders were committed with deliberation and premeditation (CALCRIM No. 401). The trial court *did not* instruct on aiding and abetting based upon natural and probable consequences (CALCRIM Nos. 402–403). And as reflected in the verdict forms for counts 1–2, the jury found that

4

Hernandez was guilty of attempted premeditated murder and that he—while not the shooter—was a "principal" of the crime. "'[T]o be guilty of attempted murder as an aider and abettor, a person must give aid or encouragement with knowledge of the direct perpetrator's intent to kill and with the purpose of facilitating the direct perpetrator's accomplishment of the intended killing—which means that the person guilty of attempted murder as an aider and abettor must intend to kill.'" (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1054.) The jury thus necessarily found that Hernandez shared the shooter's criminal purpose: to kill the two unidentified victims. This finding is further bolstered by the jury's not-guilty finding on count 3, the attempted murder of Martin. Despite the fact Martin had been shot, the jury was able to distinguish between the intended victims and the innocent bystander.

In his supplemental brief, Hernandez argues the attempted murder convictions must be reversed because his "intentions were never proven" at trial. He asks us to review his case "but to look at it from a different point of view and ask . . . why wasn't this proven or that piece of evidence presented[.]" That is not, however, an argument or request he can make under section 1172.6 at the prima facie stage. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings."].)

Because the record of conviction establishes Hernandez was convicted of attempted murder as a direct aider and abettor, he is ineligible for section 1172.6 relief as a matter of law. (See *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [petitioner convicted of first-degree murder as aider and abettor with intent to kill ineligible for section 1172.6 relief].) We therefore affirm the trial court's order denying him postjudgment relief.

## DISPOSITION

The postjudgment order is affirmed.


DELANEY, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.